NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 18 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

EDWIN ALEXANDER VARGAS-GONZALEZ,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No. 21-70349

Agency No. A206-370-040

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 13, 2022[**]
San Francisco, California

Before: W. FLETCHER and KOH, Circuit Judges, and KANE,[***] District Judge.

Edwin Alexander Vargas-Gonzalez ("Vargas-Gonzalez"), a native and

citizen of Guatemala, petitions for review of a final order of the Board of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Yvette Kane, United States District Judge for the Middle District of Pennsylvania, sitting by designation.

Immigration Appeals ("BIA") dismissing his appeal of the order of the Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Vargas-Gonzalez contends that he is entitled to asylum, withholding of removal, and CAT protection due to his status as an indigenous Guatemalan, or a person of Quiche ethnicity. He also maintains that the BIA violated his due process rights by failing to consider the additional evidence submitted in support of his claims and to provide adequate reasoning for its dismissal.

We have jurisdiction under 8 U.S.C. § 1252. "Where, as here, the BIA agrees with and incorporates specific findings of the IJ while adding its own reasoning, we review both decisions." *Bhattarai v. Lynch*, 835 F.3d 1037, 1042 (9th Cir. 2016) (citing *Vahora v. Holder*, 641 F.3d 1038, 1042 (9th Cir. 2011)). We review the BIA's determination that Vargas-Gonzalez is not entitled to asylum, withholding of removal, and CAT protection for substantial evidence. *Sharma v. Garland*, 9 F.4th 1052, 1060, 1066 (9th Cir. 2021). We review due process claims de novo. *Zetino v. Holder*, 622 F.3d 1007, 1011-12 (9th Cir. 2010). We address Vargas-Gonzalez's contentions in turn, and we deny his petition.

1. The record does not compel the conclusion that Vargas-Gonzalez met either: (1) his burden to establish past persecution or a well-founded fear of future persecution (for asylum); or (2) his burden to establish a clear probability of a

2

threat to life or freedom (for withholding of removal) based on his experiences in Guatemala and adverse country conditions for indigenous Guatemalan people.

First, regarding past persecution, the record does not compel the conclusion that Vargas-Gonzalez demonstrated past persecution based on: (1) the teasing he experienced due to his ethnicity while attending a private school for one year; and (2) the death of a neighbor, disappearance of a classmate, and kidnapping of a cousin by unknown individuals for unknown reasons. *See Wakkary v. Holder*, 558 F.3d 1049, 1059 (9th Cir. 2009) (holding that persecution is "an extreme concept" that is not the same as discrimination); *Nagoulko v. INS*, 333 F.3d 1012, 1016 (9th Cir. 2003) (holding that persistent teasing, harassment, and discrimination did not compel the conclusion that the petitioner suffered past persecution); *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151 (9th Cir. 2010) (holding that "[a]sylum is not available to victims of indiscriminate violence, unless they are singled out on account of a protected ground"). For the same reason, the country conditions evidence presented by Vargas-Gonzalez demonstrating the harassment and discrimination faced by indigenous Guatemalans does not establish past persecution under this court's precedent. *Wakkary*, 558 F.3d at 1059; *Nagoulko*, 333 F.3d at 1016.

Second, regarding a well-founded fear of future persecution, the record does not compel the conclusion that Vargas-Gonzalez established an objectively

3

reasonable fear of future persecution, which requires a showing of either (1) "a 'reasonable possibility' that [the applicant] will be 'singled out individually for persecution' if removed" or (2) a "pattern or practice" of persecution against similarly situated people. *Wakkary*, 558 F.3d at 1060 (quoting 8 C.F.R. § 1208.13(b)(2)(iii)). As to a pattern or practice of persecution, the BIA and IJ found that while indigenous Guatemalan people constitute a disfavored group, the harassment and discrimination they face do not amount to a pattern or practice of persecution. This conclusion is consistent with our precedent. *See Kotasz v. INS*, 31 F.3d 847, 852 (9th Cir. 1994); *see also Bromfield v. Mukasey*, 543 F.3d 1071, 1077-78 (9th Cir. 2008); *Knezevic v. Ashcroft*, 367 F.3d 1206, 1213 (9th Cir. 2004).

The record also does not compel the conclusion that Vargas-Gonzalez met his burden to demonstrate a reasonable possibility that he would be singled out for persecution, given his failure to identify anyone seeking to harm him, and the fact that his family members—including his married brother—remain safely in Guatemala. *See Sharma*, 9 F.4th at 1066.

Accordingly, because the record does not compel the conclusion that Vargas-Gonzalez established past persecution or a well-founded fear of future persecution (asylum) or a clear probability of a threat to life or freedom (withholding of removal) based on his ethnicity as an indigenous Guatemalan, the

4

BIA properly dismissed Vargas-Gonzalez's appeal of the IJ's order denying his application for asylum and withholding of removal.

2. "An applicant is eligible for CAT relief if he establishes that 'it is more likely than not that he or she would be tortured if removed to the proposed country of removal.'" *Madrigal v. Holder*, 716 F.3d 499, 508 (9th Cir. 2013) (quoting 8 C.F.R. § 208.16(c)(2)). Vargas-Gonzalez has not suffered past torture, and his family members remain safely in Guatemala. Substantial evidence thus supports the BIA's denial of CAT protection. Concerning Vargas-Gonzalez's argument that the IJ failed to provide a "reasoned analysis" in connection with this claim, we note that the BIA acknowledged that the IJ's analysis of Vargas-Gonzalez's entitlement to CAT protection was "short" but nonetheless "correct based on the facts found."

3. Finally, the BIA did not violate Vargas-Gonzalez's due process rights by failing to consider additional evidence relating to the COVID-19 pandemic and its impact on the indigenous Guatemalan population given the inadequacy of their health care. A petitioner "attempting to establish that the [BIA] violated his right to due process by failing to consider relevant evidence must overcome the presumption that it did review the evidence." *Larita-Martinez v. INS*, 220 F.3d 1092, 1095-96 (9th Cir. 2000). We conclude that Vargas-Gonzalez cannot overcome this presumption because the record reflects that the BIA reviewed the

5

additional evidence presented by Vargas-Gonzalez and found it insufficient. *See*

*Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010).

**PETITION DENIED.**